MDR

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Juan Torres Urias,

    Petitioner,

v.

State of Arizona, et al.,

    Respondents.

No. CV 15-1616-PHX-DGC (JFM)

**ORDER**

Petitioner Juan Torres Urias, who is confined in the Corrections Corporation of America's Central Arizona Detention Center in Florence, Arizona, has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) and an Application to Proceed *In Forma Pauperis* (Doc. 2). The Court will dismiss the Petition without prejudice.

**I.     Application to Proceed *In Forma Pauperis***

Petitioner's Application to Proceed *In Forma Pauperis* indicates that his inmate trust account balance is less than $25.00. Accordingly, the Application to Proceed *In Forma Pauperis* will be granted. *See* LRCiv 3.5(b).

**II.    Petition**

Petitioner was convicted in Maricopa County Superior Court, case #CR 2014-133421, of one count of Threatening or Intimidating and one count of Threatening and Intimidating and Domestic Violence, and was sentenced to concurrent, six-month terms of imprisonment in the Maricopa County Jail, with 242 days' presentence incarceration

credit.[1]  In his Petition, Petitioner names State of Arizona as Respondent and the Arizona Attorney General as an Additional Respondent.  Petitioner raises two grounds for relief.

## III.     Discussion

Before the court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts.  28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).   An Arizona petitioner sentenced to less than the death penalty may exhaust his federal claims by presenting them in a procedurally proper way to the Arizona Court of Appeals on direct appeal and/or in post-conviction proceedings, without seeking discretionary review in the Arizona Supreme Court. *Crowell v. Knowles*, 483 F. Supp. 2d 925, 928-30, 933 (D. Ariz. 2007) (following 1989 statutory amendment, Arizona Court of Appeals has jurisdiction over criminal convictions involving less than a death sentence); *cf. Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999) (citing pre-1989 statute).  To exhaust a claim, a petitioner must describe "both the operative facts and the federal legal theory on which his claim is based so that the state courts [could] have a 'fair opportunity' to apply controlling legal principles to the facts bearing upon his constitutional claim." *Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005) (quoting *Kelly v. Small*, 315 F.3d 1063, 1066 (9th Cir. 2003), *overruled in part on other grounds by Robbins v. Carey*, 481 F.3d 1143 (9th Cir. 2007)).  The failure to exhaust subjects the Petitioner to dismissal.  *See Gutierrez v. Griggs*, 695 F.2d 1195, 1197 (9th Cir. 1983).

If a prisoner has a direct appeal or initial petition for post-conviction relief pending in state court, the federal exhaustion requirement is not satisfied.  *See Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983) (pending appeal); *Schnepp v. Oregon*, 333 F.2d 288, 288 (9th Cir. 1964) (pending post-conviction proceeding); *see also Henderson*

---

[1] Although Petitioner asserts in his Petition that he was not convicted of any crimes, he is incorrect.  The Court takes judicial notice of the fact that Petitioner was found guilty and sentenced for the misdemeanor offenses of Threatening or Intimidating and one count of Threatening and Intimidating and Domestic Violence.  *See* http://www.courtminutes.maricopa.gov/docs/Criminal/032015/m6742901.pdf (last visited Aug. 24, 2015).

*v. Johnson*, 710 F.3d 872, 874 (9th Cir. 2013) ("*Sherwood* stands for the proposition that a district court may not adjudicate a federal habeas petition while a petitioner's direct state appeal is pending").  The prisoner must await the outcome of the pending state-court challenge before proceeding in federal court, "even where the issue to be challenged in the writ of habeas corpus has been finally settled in the state courts."  *Sherwood*, 716 F.3d at 634.  The pending state-court proceeding could affect the conviction or sentence and, therefore, could ultimately affect or moot these proceedings.  *Id.*

Petitioner has filed a notice of post-conviction relief in the Maricopa County Superior Court.[2]  Thus, the Petition in this case is premature and must be dismissed.  *See id.*; *Schnepp*.  The Court will dismiss this case without prejudice.

In addition, the Court notes that there are several other defects with the Petition.  First, it is a jurisdictional requirement that "the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed."  *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989).  Petitioner was not in custody under his **state** court conviction when he filed his petition; he was in custody under his **federal** court conviction and sentence.  *See United States v. Torres-Urias*, CR 15-0549-PHX-SPL.  Second, § 2254(a) requires the Court to "entertain an application for a writ of habeas corpus [o]n behalf of a person in custody pursuant to the judgment of a State court **only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States**."  (Emphasis added.)  Absent from Petitioner's grounds for relief is any statement that he is in custody in violation of the Constitution or the laws or treaties or the United States.  Third, a petitioner for habeas corpus relief under 28 U.S.C. § 2254 must name the **state officer** having custody of him as the respondent to the petition. *See* Rule 2(a), Rules Governing Section 2254 Cases; *Belgarde v. Montana*, 123 F.3d 1210, 1212 (9th Cir. 1997).  The State of Arizona is not a proper Respondent.

. . . .

---

[2] *See* http://www.superiorcourt.maricopa.gov/docket/CriminalCourtCases/caseSearch.asp (search "Case Number" for "CR2014-133421") (last visited Aug. 24, 2015).

**IT IS ORDERED:**

(1) Petitioner's Application to Proceed *In Forma Pauperis* (Doc. 2) is **granted**.

(2) Petitioner's Petition for Habeas Corpus (Doc. 1) and this case are **dismissed without prejudice**.

(3) The Clerk of Court must enter judgment accordingly and close this case.

(4) Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, in the event Petitioner files an appeal, the Court declines to issue a certificate of appealability because reasonable jurists would not find the Court's procedural ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated this 28th day of August, 2015.

_____
David G. Campbell
United States District Judge